Filed 2/6/24  P. v. Villagomez  CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE CHAVEZ VILLAGOMEZ,<br><br>    Defendant and Appellant. | F084663, F085933<br><br>(Super. Ct. No. VCF349094A)<br><br><br>**OPINION** |

### THE COURT<sup>*</sup>

APPEAL from a judgment of the Superior Court of Tulare County.  Melinda Myrle Reed, Judge.

Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Michael A. Canzoneri, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

<sup>*</sup>      Before Levy, Acting P. J., Detjen, J. and Meehan, J.

**INTRODUCTION**

In 2019, appellant Jose Chavez Villagomez pleaded no contest to a charge of attempted murder (Pen. Code, §§ 664/187, subd. (a)).**1** He received a determinate prison sentence of 25 years. In 2022, appellant filed a petition for resentencing in the trial court, claiming he could no longer be convicted of attempted murder following changes in the law. The court denied the petition at the prima facie stage, and respondent concedes in the present appeal that the trial court erred.

After appellant appealed the denial of his petition, and while that appeal was still pending in this court, the trial court recalled this matter and acknowledged that its denial was erroneous. However, the court again denied the petition at the prima facie stage. Respondent admits that the court's second denial is null and void because this matter was then under appeal.

We agree with the parties that the trial court erred in denying appellant's petition at the prima facie stage. We will remand this matter for the court to conduct an evidentiary hearing regarding the validity of appellant's conviction for attempted murder. (See § 1172.6, subd. (d)(1)-(3).)

**BACKGROUND**

In 2018, an information was filed against appellant and three other codefendants alleging that they each committed three separate counts of premeditated attempted murder. It was alleged that one codefendant, Jesus Villagomez, had personally discharged a firearm. In contrast, the information alleged that appellant and two other codefendants had vicariously discharged a firearm (§ 12022.53, subds. (c) & (e)(1)).**2**

---

**1** All future statutory references are to the Penal Code unless otherwise noted.

**2** The transcript from the preliminary hearing shows that these attempted murder charges occurred from a drive-by shooting in 2017. A witness identified another codefendant, Jesus Villagomez, as the shooter. In his opening brief, appellant contends that the preliminary hearing transcript is not part of the record of conviction and should not be used at the prima facie stage. This issue is currently pending before the California

In March 2019, appellant pleaded no contest to one count of attempted murder. Relevant to this appeal, he also pleaded no contest to a firearm enhancement allegation that a principal had discharged the firearm in the commission of this offense (§ 12022.53, subds. (c) & (e)(1)).[3] Appellant was sentenced in May 2019.

In February 2022, appellant filed a petition for resentencing. The prosecution filed an opposition. On May 27, 2022, the trial court denied the petition. According to the court, the preliminary hearing transcript and the report from the probation department showed that appellant had been the actual shooter.

In July 2022, appellant filed a timely notice of appeal. That first appeal is case No. F084663.

In January 2023, and while the 2022 appeal was pending, the trial court recalled appellant's matter. The trial court stated it had erroneously denied the petition for resentencing after confusing appellant's role in the shooting with that of Jesus Villagomez, who was believed to be the actual shooter. However, the court again denied appellant's petition for resentencing. According to the court, appellant was not eligible for resentencing because he had entered his change of plea after the law regarding murder had already been amended to eliminate the natural and probable consequences doctrine as a theory of liability.

---

Supreme Court. (See *People v. Patton* (2023) 89 Cal.App.5th 649, review granted June 28, 2023, S279670.)

**3** At the change of plea hearing, the trial court only referenced section 12022.53, subdivision (c), when appellant pleaded no contest to the firearm enhancement allegation. The information, however, had alleged that appellant violated section 12022.53, subdivisions (c) and (e)(1). The abstract of judgment shows that the firearm enhancement allegation imposed against appellant occurred under section 12022.53, subdivisions (c) and (e)(1).

On January 19, 2023, the court issued a minute order that memorialized the denial of the petition for resentencing. On February 7, 2023, the court issued a written order denying appellant's petition for resentencing.

In March 2023, appellant filed a second timely notice of appeal. That second appeal is case No. F085933.

On July 19, 2023, this court consolidated the two appeals under case No. F084663. We turn to the merits of the two appeals.

## **DISCUSSION**

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.). This amended the felony-murder rule and the natural and probable consequences doctrine to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. (*People v. Strong* (2022) 13 Cal.5th 698, 707–708 (*Strong*).) Senate Bill No. 1437 also added former section 1170.95, now renumbered as section 1172.6. This provides a procedure for persons who benefit from this change in law to vacate a conviction and be resentenced. (§ 1172.6, subd. (a); *Strong*, at p. 708.)

An offender seeking resentencing must file a petition in the sentencing court, and the sentencing court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subds. (a)-(c); *Strong*, *supra*, 13 Cal.5th at p. 708.) If the sentencing court determines the petitioner has made such a showing, the court must issue an order to show cause and hold a hearing to determine whether to vacate the conviction. (§ 1172.6, subds. (c), (d)(1).) At the evidentiary hearing, the prosecution bears the burden to prove beyond a reasonable doubt that the petitioner is guilty of murder (or its attempt) as amended by the changes to section 188 or 189. (§ 1172.6, subd. (d)(3).)

4.

In the present matter, the parties agree, as do we, that appellant filed a petition for resentencing that met the prima facie requirements. We also agree with the parties that the trial court lacked jurisdiction to recall this matter after appellant filed his first appeal. Finally, the parties are correct that the court erroneously denied the petition for resentencing at the prima facie stage, and an evidentiary hearing is required.

## I. The Court Lacked Jurisdiction to Recall this Matter after the First Appeal was Filed.

After the trial court denied appellant's petition in 2022, appellant filed his first appeal in case No. F084663. That appeal was still pending when the court recalled this matter in 2023 and reevaluated the petition for resentencing. Because appellant's appeal was still pending, the court lacked jurisdiction to issue any orders that impacted appellant's judgment or involved the denial of the petition. (See *People v. Wagner* (2009) 45 Cal.4th 1039, 1061; *People v. Cunningham* (2001) 25 Cal.4th 926, 1044.)

When a trial court acts in excess of its jurisdiction, any resulting order is null and void, and it has no effect. (*People v. Espinosa* (2014) 229 Cal.App.4th 1487, 1500 & fn. 9.) As such, the court's January 19, 2023, minute order and its February 7, 2023, order denying appellant's resentencing petition are vacated as null and void. These orders are the subject of the appeal in case No. F085933.

## II. The Court Erred in Denying the Petition at the Prima Facie Stage.

The parties agree, as do we, that the trial court erred in denying the petition for resentencing at the prima facie stage. When appellant pleaded no contest to attempted murder in 2019, the law had not been expressly amended to prohibit the use of the natural and probable consequences doctrine to establish liability for attempted murder. Instead, and as respondent concedes, the law was actually unsettled in this regard. It was not until the passage of Senate Bill No. 775 (2021-2022 Reg. Sess.), which became effective January 1, 2022, that the law regarding attempted murder was settled.

As originally enacted, section 1170.95's express language encompassed only murder, and not attempted murder or manslaughter. Accordingly, prior to the enactment of Senate Bill No. 775, some California appellate courts had concluded that section 1170.95 did not extend to convictions for those offenses. (See *People v. Flores* (2020) 44 Cal.App.5th 985, 993–994.) Senate Bill No. 775 expanded the scope of a petition for resentencing to include individuals who had been convicted of attempted murder under the natural and probable consequences doctrine. (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1006.) Thus, Senate Bill No. 775 eliminated the natural and probable consequences doctrine as a basis to prove that an accomplice committed attempted murder. (*People v. Sanchez* (2022) 75 Cal.App.5th 191, 196.)

The parties are correct that appellant is entitled to proceed on his petition for resentencing. Appellant filed a petition that established the prima facie requirements. (See § 1172.6, subd. (a)(1)-(3).) The trial court was not entitled to reject appellant's factual allegations on credibility grounds absent an evidentiary hearing. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)

This record of conviction does not refute the allegations in appellant's petition. The 2018 information filed against appellant permitted the prosecution to establish his liability for attempted murder based on the natural and probable consequences doctrine. That theory of liability for the crime of attempted murder was not eliminated until after appellant entered his change of plea in 2019.

The information alleged that another codefendant, Jesus Villagomez, had personally discharged a firearm. In contrast, it was alleged that appellant had vicariously discharged a firearm (§ 12022.53, subds. (c) & (e)(1)). Appellant pleaded no contest that a principal had discharged the firearm in the commission of this offense (§ 12022.53, subds. (c) & (e)(1)). In entering his change of plea, appellant never agreed that he had personally fired the gun or that he had demonstrated his own intent to kill.

Based on this record, we agree with the parties that appellant made a prima facie showing for relief, and it was error to deny his petition without conducting an evidentiary hearing. Accordingly, this matter must be remanded for further proceedings. The trial court shall appoint counsel for appellant. (§ 1172.6, subd. (b)(3).) The court shall issue an order to show cause (§ 1172.6, subd. (c)) and hold an evidentiary hearing regarding the validity of appellant's conviction for attempted murder. (See § 1172.6, subd. (d)(1)-(3).) We take no position on how the trial court should rule.

## DISPOSITION

The trial court's May 27, 2022, order denying appellant's resentencing petition is reversed. This matter is remanded for further proceedings. The trial court shall appoint counsel for appellant. (§ 1172.6, subd. (b)(3).) The court shall issue an order to show cause (§ 1172.6, subd. (c)) and it shall hold an evidentiary hearing regarding the validity of appellant's conviction for attempted murder. (See § 1172.6, subd. (d)(1)-(3).)

The trial court's January 19, 2023, minute order denying appellant's resentencing petition is vacated as null and void. The court's February 7, 2023, order denying appellant's resentencing petition is vacated as null and void.